# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Altony (Anthony) Brooks, ) | |
| ) | C/A No. 2:18-cv-721-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of ) | |
| Corrections; and Warden Scott Lewis, ) | |
| individually and in his official capacity ) | |
| as Warden of Perry Correctional Institution, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Altony (Anthony) Brooks ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 *et seq*., against Defendants South Carolina Department of Corrections ("SCDC"), and Warden Scott Lewis ("Lewis"), individually and in his official capacity as Warden of Perry Correctional Institution ("PCI"). (ECF No. 1).[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

## I. Background

In his amended complaint, Plaintiff alleges that on January 14, 2016, while incarcerated at PCI, he was attacked and stabbed by fellow inmates. (ECF No. 23 at 6). Plaintiff asserts four causes of action in his amended complaint: (1) Plaintiff seeks "temporary and permanent injunctive relief pursuant to 15-43-30 of the South Carolina Code of Laws . . . , Rule 65(b) of the South Carolina Rules of Civil Procedure, and . . . § 1983," *id*. at 7–8; (2) Plaintiff seeks monetary damages against

---

[1] This action was originally filed as a multi-plaintiff action in state court. (ECF No. 1-1). After Defendants removed the multi-plaintiff action to federal court, it was severed into seven separate actions. (ECF Nos. 1; 12; 21).

Lewis under § 1983 based on Lewis's alleged failure to adequately protect him from hostile inmates, to prevent inmates from possessing dangerous weapons, or to follow policies requiring that inmates who have had prior conflicts be separated, all in violation of Plaintiff's Eighth and Fourteenth Amendment rights, *id.* at 8–11; (3) Plaintiff seeks monetary damages from Lewis under § 1983 based on Lewis's alleged failure "to [i]mplement [a]ppropriate [p]olicies, [c]ustoms, and [p]ractices" or "to adequately train and supervise [his] employees," and his "deliberate indifference" to Plaintiff's right "to be free from the threat to [his life]," *id*. at 11; and (4) Plaintiff claims that SCDC is liable under the SCTCA for the acts of its employees, whose recklessness or negligence caused Plaintiff's injuries, *id* at 11–13. In addition to injunctive relief, Plaintiff seeks actual and punitive damages. *Id*. at 11–14.

On October 21, 2019, Defendants filed two separate summary judgment motions. (ECF Nos. 57; 58). First, Defendants moved for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies through the mandatory inmate grievance system. (ECF No. 57-1). Second, Defendants moved for summary judgment as to the claims against SCDC and Lewis in his official capacity on the basis of Eleventh Amendment immunity. (ECF No. 58-1 at 5–8). With respect to the claims against Lewis individually, Defendants seek summary judgment on the grounds that Plaintiff failed to present a viable constitutional claim and that Lewis is entitled to qualified immunity. *Id*. at 8–10.

On April 13, 2020, the magistrate judge issued a Report and Recommendation ("Report") recommending that this court grant Defendants' second motion for summary judgment (ECF No. 58) in part as to Plaintiff's federal claims and decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. (ECF No. 69 at 33). The Report further recommended that this court deny as moot Defendant's first motion for summary judgment based on failure to exhaust

2

administrative remedies. *Id*. Plaintiff, who is represented by counsel, was advised of his right to file specific objections to the Report and of the potential consequences of failing to do so. *Id*. at 34. No objections have been filed, however, and the time for doing so has now expired. This matter is now ripe for review.

> **Commented [CDG1]:** Continue consistent spacing throughout

## II. Standards of Review

### A. Review of Magistrate Judge's Recommendation

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

### B. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id*. at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962).

The party seeking summary judgment bears the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party may not rest on the allegations averred in his pleadings. *Id*. at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id*. The existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand summary judgment. *Anderson*, 477 U.S. at 252. To survive summary judgment, a plaintiff "must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

**III. Discussion**

4

Because no objections have been filed, the court reviews the Report in this matter only for clear error. With respect to Defendants' Eleventh Amendment argument, the magistrate judge concluded that Eleventh Amendment immunity bars Plaintiff's § 1983 claim for injunctive relief against SCDC as well as Plaintiff's § 1983 claim for monetary relief against Lewis in his official capacity. (ECF No. 69 at 9–10). The magistrate judge also concluded, however, that under *Ex Parte Young*, 209 U.S. 123 (1908), the Eleventh Amendment does not preclude Plaintiff's claim against Lewis in his official capacity for prospective injunctive relief under § 1983. *Id*. at 10. The magistrate judge rejected Plaintiff's argument that Defendants waived immunity from suit in federal court as to Plaintiff's federal claims by voluntarily removing this action. *Id.* at 7, 9; *see also* (ECF No. 62 at 10–11). The magistrate judge recognized that "by voluntarily removing a case to federal court, a defendant waives any immunity from suit in federal court with respect to any claims it otherwise would have been subject to in state court" and that under the SCTCA, "South Carolina has generally consented to suit for tort claims filed against it in state court." (ECF No. 69 at 9). As to claims brought pursuant to § 1983, however, the magistrate judge noted that voluntary removal does not waive immunity. *Id*. at 9 n.4 (citing *Passaro v. Virginia*, 893 F.3d 243, 248 (4th Cir. 2019); *Stewart v. North Carolina*, 393 F.3d 484 (4th Cir. 2005)).

With respect to Plaintiff's failure to protect claim asserted under § 1983 against Lewis individually, the magistrate judge found that Plaintiff failed to offer any direct evidence to establish that Lewis had actual knowledge of the substantial risk of harm to Plaintiff prior to the January 14, 2016 attack in question and noted, in particular, that Defendants proffered evidence establishing that Lewis did not become Warden at PCI until February 2016—*after* the attack. (ECF No. 69 at

5

21–24).² Moreover, the magistrate judge likewise found no circumstantial evidence in the record which would establish Lewis's subjective knowledge of the substantial risk of harm to Plaintiff. *Id.* at 24–27. Likewise, with respect to Plaintiff's supervisory liability and failure to train claims, the magistrate judge found no evidence (1) that Lewis was aware that correctional officers were involved in conduct creating a pervasive and unreasonable risk of harm or that there was any causal link between Plaintiff's injuries and Lewis's alleged inaction; or (2) that Lewis failed to train his subordinates or that such failure was linked in any way to Plaintiff's injuries. *Id.* at 29.³ Furthermore, in light of her conclusion that Plaintiff failed to establish as a matter of law any constitutional violations by Lewis, the magistrate judge determined that Plaintiff's claim for injunctive relief against Lewis in his official capacity must also fail because the *Ex Parte Young* immunity exception applies only to "'presently ongoing violations of federally protected rights.'" *Id*. at 30 (quoting *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998)).

Finally, because she had recommended that the court grant summary judgment as to all of Plaintiff's federal claims, the magistrate judge also recommended that the court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state-law claims. *Id*. at 31. In reaching this conclusion, the magistrate judge considered all of the appropriate factors and found that they weighed in favor of declining jurisdiction over the state-law claims. *Id*. at 31–32.

---

² Plaintiff presented an affidavit in opposition to summary judgment in which he claimed Correctional Officer Davis told him Warden Lewis already knew about the verbal altercations between Plaintiff and his eventual attackers and that he was going to separate Plaintiff. (ECF No. 62-1 at 4). The magistrate judge concluded that this statement constituted hearsay evidence and could not be used to defeat a summary judgment motion. (ECF No. 69 at 23–24).

³ To the extent the amended complaint raises a claim of deliberate indifference to serious medical needs, the magistrate judge concluded that such a claim would fail in light of the absence of any evidence suggesting that Lewis was personally involved in the denial of treatment or interfered with any treatment. *Id*. at 29 n.12.

The court has carefully reviewed the Report, the record, and the materials submitted by the parties in relation to the motions before the court and finds no clear error in the thorough and well-reasoned Report. The court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report, (ECF No. 69), which is incorporated herein by reference. Accordingly, the court **GRANTS IN PART** Defendants' second motion for summary judgment as to Plaintiff's § 1983 claims, (ECF No. 58), and **DISMISSES** all of Plaintiff's § 1983 claims. With respect to Plaintiff's remaining state law claims, the court declines to exercise supplemental jurisdiction under § 1367 and **REMANDS** them to state court. Finally, in light of the foregoing disposition of the claims in this action, the court need not address Defendants' first motion for summary judgment based on failure to exhaust, and therefore **DENIES** that motion (ECF No. 57) as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 9, 2020